LATHAM & WATKINS LLP
   Richard G. Frenkel (Bar No. 204133)
      *rick.frenkel@lw.com*
140 Scott Drive
Menlo Park, California  94025
Telephone:  +1.650.328.4600
Facsimile:  +1.650.463.2600

Matthew J. Moore (*pro hac vice*)
   *matthew.moore@lw.com*
Adam M. Greenfield (*pro hac vice*)
   *adam.greenfield@lw.com*
Rebecca L. Rabenstein (*pro hac vice*)
   *rebecca.rabenstein@lw.com*
Abigail A. Rives (*pro hac vice*)
   *abigail.rives@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone:  +1.202.637.2200
Facsimile:  +1.202.637.2201

*Attorneys for Defendants*
*CertainTeed Gypsum, Inc. and Saint-Gobain*
*Performance Plastics Corp.*

Jason E. Mueller (*pro hac vice*)
*JMueller@SheppardMullin.com*
Galyn D. Gafford (*pro hac vice*)
*GGafford@SheppardMullin.com*
Robert E. Hough, II (*pro hac vice*)
*RHough@SheppardMullin.com*
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2200 Ross Avenue, 24th Floor
Dallas, TX  75201-6776
Telephone:     (469) 391-7400
Facsimile:     (469) 391-7401

Yasamin Parsafar (State Bar No. 287617)
*YParsafar@SheppardMullin.com*
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947

Attorneys for Plaintiff and Counter-
defendant PACIFIC COAST BUILDING
PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Pacific Coast Building Products, Inc., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> CertainTeed Gypsum, Inc. and Saint-Gobain Performance Plastics Corp., <br><br> Defendants/Counterclaimants. | CASE NO. 5:18-cv-00346-LHK <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> (Revised per 5/14/18 Order, Dkt. No. 52) |

CONTENTS

**Clause**        **Page**

I.       PROCEEDINGS AND FORM OF INFORMATION GOVERNED .................... 1

II.       COMPUTATION OF TIME .................................................................. 1

III.       PROTECTED INFORMATION – TYPES OF MATERIALS WHICH MAY BE DESIGNATED "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" ............................................... 1

IV.       DESIGNATING PROTECTED INFORMATION ............................................. 5

V.       DISCLOSURE OF PROTECTED INFORMATION TO EXPERTS OR CONSULTANTS ............................................................. 7

VI.       LIMITATIONS ON ACCESS TO AND USE OF PROTECTED INFORMATION ................................................................................ 9

VII.       FILING PROTECTED MATERIAL ...................................................... 11

VIII.       INADVERTENT PRODUCTION OF PROTECTED INFORMATION WITHOUT CONFIDENTIALITY DESIGNATION .................................... 12

IX.       RESOLUTION OF DISPUTES REGARDING PROTECTED INFORMATION ............................................................................... 12

X.       REQUEST FOR DOCUMENTS OR INFORMATION SUBJECT TO THIS ORDER IN UNRELATED ACTIONS ......................................... 13

XI.       PARTY'S OWN INFORMATION ...................................................... 14

XII.       APPLICABILITY TO THIRD PARTIES .............................................. 14

XIII.       PROSECUTION BAR ....................................................................... 15

XIV.       LIMITS ON DISCOVERABILITY OF EXPERT MATERIALS .................... 16

XV.       NO PROBATIVE VALUE ................................................................ 16

XVI.       TERMINATION OF LITIGATION .................................................... 17

XVII.       ENFORCEMENT OF THIS PROTECTIVE ORDER AND JURISDICTION ................................................................................ 17

XVIII.       MODIFICATION OF THIS PROTECTIVE ORDER ....................................... 18

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

# I. PROCEEDINGS AND FORM OF INFORMATION GOVERNED

**A.** This Protective Order shall govern any document, information, or other material or thing that is designated as containing "Confidential" and "Highly Confidential – Outside Counsel Only," information as defined herein, and is furnished by any party or non-party to any other party in connection with this case—i.e., Case No. 5:18-cv-00346-LHK in the U.S. District Court for the Northern District of California ("Action"). The Parties bound by this Protective Order include:

> 1. Plaintiff Pacific Coast Building Products, Inc. ("Plaintiff");
>
> 2. Defendants CertainTeed Gypsum, Inc. and Saint-Gobain Performance Plastics Corp. ("Defendants");

> The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or things, interrogatories, requests for admissions, subpoenas, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations, and portions of the foregoing. For purposes of this Protective Order, "document" shall be accorded its broadest possible meaning, and shall include, without limitation, the whole page or file or any portion thereof of any written, printed, or graphic matter, any computer file, record, or tape produced by or obtained from any party or non-party, any electronically stored information, or any copy, extract, or complete or partial summary prepared therefrom, and any document or thing covered by Fed. R. Civ. P. 34.

# II. COMPUTATION OF TIME

> The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

# III. PROTECTED INFORMATION – TYPES OF MATERIALS WHICH MAY BE DESIGNATED "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

> Any oral or written communications, documents, or tangible things; responses to interrogatories; responses to requests for admission; deposition testimony; deposition transcripts and exhibits; other responses to requests for information and/or other written information or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

materials produced in this Action by any party or non-party (collectively, "Discovery Materials") may be designated by a producing party or non-party as "Confidential" or "Highly Confidential – Outside Counsel Only," under this Protective Order, if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards and the definitions below. Both of the identified categories of information are referred to collectively in the Order as "Protected Information." Hereinafter, "Producing Party" shall refer to the party or non-party who produces or provides Discovery Materials, and "Receiving Party" shall refer to the party who receives Discovery Materials from another party or non-party.

### A.    Information Designated as "Confidential Information"

1.    "Confidential Information" shall include any Discovery Materials that the Producing Party reasonably believes not to be in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercially sensitive information. "Confidential Information" shall include, for example, the following (oral and written) communications, documents, and tangible things produced or otherwise exchanged: non-public technical documents and things pertaining to the design, testing, development, architecture, and operation of the accused devices, methods, products, systems, or processes, including schematics, drawings, flow charts, lab notebooks, technical journals, experiments or experimental results, data, specifications, and other design documents; financial records and/or related documents; communications pertaining to the revenue and profits of the accused devices, methods, products, systems, or processes; documents and communications containing information or data relating to future products not yet commercially released; documents and communications containing information or data relating to business, marketing, and/or product strategy; documents and communications containing information or data relating to commercial or settlement agreements; documents and communications relating to market and/or competitive analyses; third-party confidential information, etc.

2.    Unless otherwise ordered by the Court or agreed to by the Producing Party, access to Discovery Materials marked "Confidential" shall be made available to the following "qualified persons":

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

a. Outside attorneys of record, who have entered an appearance for a Party in this Action, and, if the attorney of record is a member of a law firm, the attorneys, paralegals, and staff of the law firm to whom it is reasonably necessary to disclose the Discovery Materials in this Action (collectively, "Outside Counsel");

b. Copy and clerical litigation, document management, and electronic data support services working at the direction of Outside Counsel;

c. Jury research consultants and mock jurors who have signed an undertaking or agreement not to publicly disclose Protected Information and to keep any information concerning Protected Information confidential;

d. Independent experts or consultants, whether testifying or non-testifying, who have been retained by a Party or by Outside Counsel for a Party to assist with the technical, financial or other aspects of the litigation ("Experts" or "Consultants"), and staff employed by such Experts or Consultants, but only after compliance with the requirements of Section V, and provided that any such actual or contemplated Expert or Consultant is not a current or reasonably anticipated to be a future employee of a Party or an affiliate of a Party or their respective Outside Counsel. Each such Expert or Consultant shall be informed of the existence and contents of this Protective Order and shall execute an acknowledgement form attached hereto as Exhibit 1, agreeing to be bound by the terms of the Protective Order;

e. No more than two (2) designated in-house counsel for each Side who are members in good standing of the bar in at least one U.S. state and who have been identified in writing to each Producing Party prior to being given access to that Producing Party's confidential Discovery Materials, provided that such in-house counsel shall be informed of the existence and contents of this Protective Order and that shall execute an acknowledgement form attached hereto as Exhibit 1, agreeing to be bound by the terms of the Protective Order. In the event of a change in employment or assignment for designated in-house counsel, a Party may designate a substitute in-house counsel by prior written notice to all Producing Parties;

f. Graphics, translation, design, and/or trial consulting personnel, but only after compliance with the requirements of Section V;

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY

g. The Court, its personnel, and any court reporters and videographers involved in taking or transcribing testimony in this Action, as well as any court considering any appeal or petition in this matter and that court's personnel; and

h. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court.

**B.  Information Designated as "Highly Confidential – Outside Counsel Only"**

1. The "Highly Confidential – Outside Counsel Only" designation is reserved for extremely sensitive Confidential Information that constitutes or contains: (a) trade secrets; (b) current and future business and marketing plans, except for advertisements or communications that have been disclosed to the public; (c) research and development activities, including technology, know-how and the like, which have not been disclosed to the public; (d) commercial agreements with third parties containing competitively sensitive information, and the negotiations concerning such agreements, provided that the Producing Party has taken reasonable steps to keep the terms of such agreements and related negotiations-as distinct from the existence of the commercial relationship-out of the public domain; (e) non-public communications with United States and foreign patent offices; (f) non-public communications with United States or foreign regulatory agencies; (g) financial information, including non- public sales information, customer lists, purchases by customers, communications with potential customers, sales projects, profit calculations, income, and costs (i.e., production, marketing, and overhead); (h) Confidential Information that a Party is required to maintain as confidential under the terms of an agreement or other understanding; (i) non-public technical information relating to manufacture, quality control, testing, technical support, or safety of any products, processes, components or methods; (j) samples of the Producing Party's products and documents or information relating to the Receiving Party's analysis or testing of such product samples; or (j) any other category of information subsequently agreed to by the Parties in writing as containing Highly Confidential – Outside Counsel Only information. To facilitate discovery, unless stated otherwise by the Producing Party or non-party, all Discovery Material produced in the course of this Action shall presumptively be considered and treated as Highly Confidential – Outside Counsel Only

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1 ~~information under the terms of this Protective Order.~~

2       2.      Documents, information or other material designated Highly Confidential

3 – Outside Counsel Only and information contained therein shall be made available only to the

4 persons or entities listed in Sections III.A.2.a, b, c, d, f, and g and subject to any terms set forth

5 or incorporated therein.

6 **IV.     DESIGNATING PROTECTED INFORMATION**

7       **A.**      Any information produced in this Action that is reasonably believed by the

8 Producing Party to contain confidential information may be designated as Confidential or Highly

9 Confidential – Outside Counsel Only as appropriate.

10      **B.**      The designation of information as Confidential or Highly Confidential – Outside

11 Counsel Only shall be made at the following times:

12      1.      For documents and things, at the time of their production.  However, in the

13 event that a Producing Party elects to produce documents and things for inspection pursuant to

14 Fed. R. Civ. P. 34(b), no designation must be made prior to inspection.  For purposes of the

15 inspection, all materials shall be considered Highly Confidential – Outside Counsel Only until

16 any such materials are produced.  For Confidential or Highly Confidential – Outside Counsel

17 Only information, upon request for copying, the Producing Party shall designate such material

18 with the appropriate confidentiality marking;

19      2.      For written responses to interrogatories or requests for admissions, at the

20 time of the written response;

21      3.      For declarations and pleadings, at the time of the filing of such declaration

22 or pleading or as otherwise required by the Court;

23      4.      For deposition testimony, at the time of the testimony or within thirty (30)

24 days after receipt by the designating Party of the transcript of the deposition (thus, all deposition

25 testimony is to be presumptively treated as Highly Confidential – Outside Counsel Only during

26 that thirty (30) day period), as set forth in Section III.B; and

27      5.      For oral disclosures (other than deposition testimony), through

28 confirmation in writing within ten (10) days of the disclosure thereof.

**C.**     The designation of information shall be made in the following manner:

    1.     For documents, by placing a legend on each page of such document;

    2.     Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential or Highly Confidential – Outside Counsel Only information, or shall use any other reasonable method for so designating Protected Materials produced in electronic format;

    3.     For tangible objects, by placing a label or tag on the object or the container therefore, or if not practicable, as otherwise agreed;

    4.     For written responses to interrogatories or requests for admissions, in writing on the face of any such responses;

    5.     For declarations or pleadings, in writing on the face of any such declaration or pleading;

    6.     A Party or third party providing testimony may designate the original and all copies of any deposition transcript as Confidential or Highly Confidential – Outside Counsel Only by indicating the appropriate designation on the record before the close of the deposition or by notifying the court reporter and all counsel in writing of the appropriate designation within thirty (30) days after receiving the final transcript, during which thirty (30) day period the transcript shall be treated as Highly Confidential – Outside Counsel Only, unless a less restrictive designation is indicated by the Producing Party on the record before the close of the deposition.  If no oral designation was made at the deposition and no written designation is made within the thirty (30) day period, then the transcript and testimony shall be deemed non-confidential.  The Court Reporter shall include on the cover page of each deposition a clear indication that the deposition contains Confidential or Highly Confidential – Outside Counsel Only information, as the case may be.  Any document designated as Confidential or Highly Confidential – Outside Counsel Only that is marked as an exhibit in any deposition shall be treated according to the designation of that document prior to the deposition; and

**D.**     It shall be the duty of the Party seeking protection of Confidential or Highly

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Confidential – Outside Counsel Only information to indicate to the other Party and its Outside Counsel which of the materials and testimony are considered Confidential or Highly Confidential – Outside Counsel Only information.

**E.** Each Party retains the right to subsequently re-designate documents and to require such documents to be treated in accord with such re-designations from that time forward.

## V. DISCLOSURE OF PROTECTED INFORMATION TO EXPERTS OR CONSULTANTS

**A.** Information designated by the Producing Party as Protected Information and such copies of this information as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the Receiving Party's Experts or Consultants and their necessary support personnel subject to the restrictions of this Protective Order.

**B.** No disclosure of Protected Information to an Expert or Consultant or his/her necessary support personnel shall occur until that Expert or Consultant has signed the form attached hereto as Exhibit 1, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection asserted in compliance with Sections V.D–E, that objection is waived or resolved either by agreement of the Party engaging the Expert or Consultant and the Party objecting to disclosure of Protected Information to such person, or according to the provisions set forth below.

**C.** A Party desiring to disclose Protected Information to an Expert or Consultant shall give prior written notice of the intended disclosure by email to all counsel of record in this Action, including the following information for each Expert or Consultant: 1) the general categories of Protected Information (e.g., technical materials, financial statements, licensing materials, etc.) that the Receiving Party seeks permission to disclose to the Expert or Consultant; 2) the Expert or Consultant's full name and address; 3) a current curriculum vitae; 4) current employer(s); 5) each person or entity from whom the Expert or Consultant has received direct compensation for work in his or her areas of expertise or to whom the Expert or Consultant has provided professional services, including in connection with a litigation, at any time during the preceding three years; and 6) a listing of cases (by name and number of the case, filing date, and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

location of court, if known to the Expert or Consultant) in which the Expert or Consultant has

offered expert testimony, including through a declaration, report, or testimony at a deposition or

trial, within the preceding four years.  To the extent the Expert or Consultant is unable to

disclose the specific employment because of any confidentiality obligations, he or she shall

disclose the time frame, general industry, and any other information sufficient to describe the

engagement as permitted by the confidentiality obligations.

**D.**     The Producing Party shall have seven (7) days after such notice is given to email

any objection to the disclosure to all counsel of record for the Party desiring to disclose Protected

Information to an Expert or Consultant.  No Protected Information shall be disclosed to such

Expert(s) or Consultant(s) until after the expiration of the foregoing seven-day notice period or

the resolution of any timely objections.

**E.**     A Party objecting for good cause to disclosure of Protected Information to an

Expert or Consultant shall state with particularity the ground(s) of the objection and the specific

categories of documents that are the subject of the objection.  The objecting Party's consent to

the disclosure of Protected Information to an Expert or Consultant shall not be unreasonably

withheld, and for the purposes of this subsection, "good cause" is an objectively reasonable

concern as defined in Section V.G below.

**F.**     Immediately upon emailing any objection to disclosure of Protected Information

to an Expert or Consultant, the Producing Party will make its Outside Counsel available to meet

and confer, which meet and confer shall be concluded promptly and in no event later than four

(4) days following the transmission of the objection, unless another time is agreed to by the

receiving and producing parties in writing.  If after meeting and conferring the involved parties

cannot resolve the objection (where such meet-and-confer need not take place in person), the

objecting Party may, within seven (7) days of the meet and confer, ~~(a) seek an emergency ruling~~

~~on the objection from the Court; or (b) file a motion seeking~~ <u>seek</u> Court resolution of the

objection <u>by following the assigned magistrate judge's procedures for resolving discovery</u>

<u>disputes</u>.  A failure to ~~file a motion~~ <u>seek Court resolution</u> within the seven (7) day period, absent

an agreement of the Parties to the contrary or for an extension of such period, shall operate as an

approval of disclosure of Protected Information to the Expert or Consultant.  The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.  Nothing stated herein shall hinder the ability of the Party desiring to disclose Protected Information to an Expert or Consultant to seek an emergency ruling or other relief with respect to the objection, and either Party will be entitled to seek such emergency relief.

G.     The objecting Party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the Expert or Consultant.  This "good cause" shall include a particularized showing that: (1) the Protected Information is confidential technical or commercial information, (2) disclosure of the Protected Information likely would result in a clearly defined and serious injury to the objecting Party's business, and (3) that disclosure of Protected Information to the proposed Expert or Consultant would likely result in the Protected Information being disclosed to the objecting Party's competitors, or other particularized, substantiated injury to the objecting Party.

## VI.     LIMITATIONS ON ACCESS TO AND USE OF PROTECTED INFORMATION

A.     All Discovery Materials designated as Confidential or Highly Confidential – Outside Counsel Only shall be used solely for the purpose of this Action and not for any other purpose, including but not limited to use in other litigation, for business purposes, or for patent prosecution.

B.     Any copies, reproductions, excerpts, summaries, compilations, notes, memoranda, analyses, reports, briefs or discovery response that paraphrase, extract, or contain Protected Information and any electronic image or database containing Protected Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilations, notes, copy, memoranda, analysis, electronic image, reports, briefs, discovery response or database is derived.  Any person found to have made an impermissible use of any Protected Information produced in this Action may be subject to, without limitation, appropriate civil penalties, including for contempt of court.

**C.** All materials designated as Confidential or Highly Confidential – Outside Counsel Only shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under the Protective Order.

**D.** Notwithstanding the provisions in Sections III.A–B, a document designated Confidential or Highly Confidential – Outside Counsel Only may be disclosed, at a deposition or otherwise, to any current employee of the Producing Party or to any author or recipient of the Protected Information identified on the face of the document, unless a different result is agreed to by counsel for the Parties.

**E.** Counsel for a Party may disclose Protected Information to any actual or potential witness provided counsel has obtained prior written consent of the Producing Party. Notwithstanding the provisions in Sections III.A–B, consent need not be obtained if the person is an author, recipient or current custodian of the Confidential or Highly Confidential – Outside Counsel Only document, or a corporate designee of the Producing Party pursuant to Federal Rule 30(b)(6).

**F.** <u>Depositions.</u>  At any deposition session, when Counsel for a Party or the deponent deems that the answer to a question will result in the disclosure of Confidential or Highly Confidential information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel, and individuals specified in Sections III.A–B hereof who have access to the pertinent category of Protected Information, exit the deposition room during the Confidential or Highly Confidential – Outside Counsel Only portion of the deposition.  The failure of such other persons to comply with such requests shall constitute substantial justification for Counsel to advise the witness that he or she need not answer the question pending.

**G.** <u>Trial.</u>  <span style="color:red"><u>Any use of Protected Material at trial shall be governed by a separate agreement or order.</u></span>  In the event that any Protected Information is used in any pre-trial court hearing or proceeding in this Action, and there is any dispute as to whether such material continues to be Confidential or Highly Confidential – Outside Counsel Only, the Parties will meet and confer to resolve such dispute.  The Parties shall confer and attempt to agree before any

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1  trial or other hearing on the procedures under which Protected Information may be introduced

2  into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the Parties

3  shall give notice of the terms of such agreement to each non-party producing any Protected

4  Information that may be used or introduced at such trial or hearing. Absent agreement, the Court

5  shall be asked to issue an order governing the use of such Protected Information at trial or

6  hearing upon reasonable notice to all Parties and non-parties who have produced such

7  information. The Parties shall provide non-parties with notice of potential use at trial of any

8  Protected Information produced by them if and when they are listed as potential exhibits in the

9  required filings prior to commencement of trial. The Parties shall give such notice as soon as

10  practicable after Protected Information that is not listed on the exhibit list is determined to be

11  used by Counsel for a Party in the course of examination or cross-examination at trial.

12      **H.**      Nothing in this Protective Order shall be construed to prevent counsel from

13  advising their clients with respect to this case based in whole or in part upon Protected Materials,

14  provided counsel does not disclose the Protected Material itself except as provided in this Order.

15  **VII.      FILING PROTECTED MATERIAL**

16      Absent written permission from the Producing Party or a court Order secured after

17  appropriate notice to all interested persons, a Receiving Party may not file or disclose in the

18  public record any Protected Material. A Party that seeks to file under seal any Protected Material

19  must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

20  pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

21  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that

22  the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

23  protection under the law. If a Receiving Party's request to file Protected Material under seal

24  pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the

25  Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise

26  instructed by the court.

27      Any Party is authorized under Local Rule 79-5 to file under seal with the Court

28  any brief, document or materials that are designated as Protected Material under this Order.

## VIII. INADVERTENT PRODUCTION OF PROTECTED INFORMATION WITHOUT CONFIDENTIALITY DESIGNATION

A.      The production of any document or information without an appropriate designation of confidentiality shall not be deemed a waiver or impairment of any claim of protection.  With respect to documents, the Producing Party shall promptly upon discovery notify the other Parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, Counsel for the Party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure, to retrieve all copies of the Protected Information from unauthorized recipient(s) thereof, and to secure the agreement of the unauthorized recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.  Other than as specified herein, the taking of, or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this Action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any Party, is or is not entitled to particular protection, or that such information does or does not embody trade secrets of any Party.  The procedures set forth herein shall not affect the rights of Parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a Party of the necessity of proper response to discovery requests.

## IX. RESOLUTION OF DISPUTES REGARDING PROTECTED INFORMATION

A.      If any Party disagrees with the designation by the Producing Party or non-party of any Discovery Material as Confidential or Highly Confidential – Outside Counsel Only, then the Parties to the dispute, after providing notice to all Parties in this Action, will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court.  All items

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

objected to shall continue to be treated as Protected Information, and specifically according to the level of confidentiality designated by the Producing Party, pending resolution of the Parties' dispute. If the dispute can be resolved, all Parties shall promptly be informed of the resolution. If the Parties are unable to resolve the matter informally, the Party objecting to the confidential status of a document may file an appropriate motion before the Court. In response to a motion brought pursuant to this paragraph, the designating Party must show good cause to maintain the Protective Order as to the document in dispute and bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential – Outside Counsel Only within the definition(s) of those term(s) set forth above.

**B.**     Entering into, agreeing, and/or complying with the terms of this Protective Order shall not: (1) operate as an admission by any Party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (2) prejudice in any way the right of a Party at any time to: (a) seek a determination by the Court of whether any particular document, item, or material or piece of information should be subject to the terms of this Order; (b) seek relief on appropriate notice from any provision(s) of this Protective Order, either generally or as to any particular document, item, or piece of information; (c) object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; (d) seek a higher level of protection than provided for by this Protective Order if the Party believes that unique circumstances warrant that higher level of protection; or (e) seek documents or other information from any source.

**X.     REQUEST FOR DOCUMENTS OR INFORMATION SUBJECT TO THIS ORDER IN UNRELATED ACTIONS**

**A.**     If any Party has obtained Protected Information under the terms of this Protective Order and receives a subpoena or other compulsory process commanding the production of such Protected Information, such Party shall (a) promptly notify the Producing Party, including in such notice the date set for the production of such subpoenaed information, and (b) provide the Producing Party with an opportunity to move for a protective order regarding the production of

Protected Information implicated by the subpoena. The subpoenaed Party shall not produce any Protected Information in response to the subpoena without the prior written consent of the Producing Party, unless in response to an order of a court of competent jurisdiction.

     **B.**     By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion or subpoena to disclose another Party's Protected Information pursuant to this Order shall promptly notify that Party of the motion or subpoena so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

## XI.     PARTY'S OWN INFORMATION

     **A.**     The restrictions on the use of Protected Information established by this Protective Order are applicable only to the use of Protected Information received by a Party from another Party or from a non-party. A Party is free to do whatever it desires with its own Protected Information.

     **B.**     Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, materials, or information lawfully obtained by such Party or witness independently of the discovery proceedings in this Action, whether or not such documents, materials, or information are also obtained through discovery proceedings in this Action.

## XII.     APPLICABILITY TO THIRD PARTIES

     **A.**     In the course of this Action, the Parties may attempt to discover documents and information from third parties. Any third party from whom discovery is sought by a Party to this Action may avail itself of the protections and limitations of disclosure provided for in this Protective Order. The third party shall identify any Confidential or Highly Confidential – Outside Counsel Only information produced in accordance with this Protective Order. The Parties hereby agree to treat any material designated Confidential or Highly Confidential – Outside Counsel Only and produced by a third party in accordance with the terms of this Protective Order. The Parties shall reference this Protective Order in any subpoena or discovery

request they serve or otherwise provide to any third party.

## XIII.  PROSECUTION BAR

A.  "Prosecution Bar Materials" mean: all Highly Confidential – Outside Counsel Only non-financial-materials produced by a Party or a non-party EXCEPT for information that lawfully is or becomes publicly available, including patents and published patent applications.

B.  Any person who has reviewed some or all of an opposing Producing Party's Prosecution Bar Materials shall not, for a period commencing upon receipt of such information and ending two (2) years following the conclusion of this Action (including any appeals) engage in any Prosecution/Acquisition Activity (as defined below) on behalf of a Party in this case or a non-party.  The parties agree that the scope of discovery will be commensurate with the scope of the Prosecution/Acquisition Activity (as defined below).

C.  Prosecution/Acquisition Activity shall include any activity relating to the prosecution or acquisition of patents or patent applications relating to: gypsum drywall materials, visco-elastic glue products, laminated drywall products, and methods for manufacturing the same.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising on drafting or amending, or otherwise affecting the scope or maintenance of patent claims.  Prosecution includes, for example, original prosecution, reissue, reexamination, or other proceedings affecting the scope or maintenance of patent claims, including *inter partes* review or covered business method review.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination, *inter partes* review, or covered business method review).  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art, without additional input or consultation, to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  For purposes of this paragraph, "acquisition" means the acquisition of patents (including patent applications) or any exclusive rights to patents or patent applications with subject matter relating

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SILICON VALLEY

to: gypsum drywall materials, visco-elastic glue products, laminated drywall products, and methods for manufacturing the same. Nothing in these provisions is intended to preclude counsel from participating in activities directly for the purpose of settling litigations.

## XIV. LIMITS ON DISCOVERABILITY OF EXPERT MATERIALS

**A.** Testifying and consulting Experts or Consultants shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying or consulting Expert or Consultant, and all materials generated by a testifying or consulting Expert or Consultant with respect to that person's work, are exempt from discovery unless actually relied upon by the testifying Expert or Consultant in forming any opinions in this litigation and such information is not already disclosed in the Expert or Consultant's report. The foregoing does not otherwise restrict discovery by oral deposition of testifying Experts or Consultants, does not obligate any Party to retain draft reports, and is not intended in any way to narrow the protections regarding disclosure of expert materials in Fed. R. Civ. P. 26.

## XV. NO PROBATIVE VALUE

**A.** This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Protected Information. The fact that information is designated as Protected Information under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Protective Order shall be without prejudice to the right of any Party to bring before the Court the question of: (1) whether any particular material is or is not confidential; (2) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (3) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the Party complies with the foregoing procedures. Absent a stipulation of all Parties, the fact that information has been designated Protected Information under this Protective Order shall not be admissible during the trial of this Action, nor shall the jury be advised of such designation. The fact that any

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

information is disclosed, used or produced in discovery or trial herein shall not be construed as admissible and shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of, or concerning, whether such information is confidential or proprietary.

## XVI. TERMINATION OF LITIGATION

**A.** Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this Action, each Party may request that, within sixty (60) additional days, any other Party use reasonable efforts to return Protected Information and copies thereof to the Producing Party or use reasonable efforts to destroy such Protected Information and certify that fact.

**B.** The Receiving Party's reasonable efforts shall not require the return or destruction of Confidential or Highly Confidential – Outside Counsel Only material from (1) disaster recovery or business continuity backups, (2) data stored in system-generated temporary folders or near-line storage, (3) unstructured departed employee data, and/or (4) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential or Highly Confidential – Outside Counsel Only material, but such retained information shall continue to be treated in accordance with the Order.

**C.** Notwithstanding the forgoing, Counsel for the Parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Confidential or Highly Confidential provided that such counsel and employees of such counsel shall not disclose such material to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

**D.** Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order directs otherwise.

## XVII. ENFORCEMENT OF THIS PROTECTIVE ORDER AND JURISDICTION

**A.** This Protective Order shall survive the final conclusion of this Action ~~and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this Action~~.

**B.** The recipient of any Confidential or Highly Confidential – Outside Counsel Only information hereby agrees to subject himself/herself to the jurisdiction of this Court of the purpose of any proceedings related to the performance under, compliance with, or violations of this Protective Order.

**C.** A Party that becomes aware of any breach of this Protective Order shall notify the Party whose Protected Information the breach concerns immediately, but not later than two (2) days after learning of the breach, including detailing the circumstances of the breach.

**XVIII.    MODIFICATION OF THIS PROTECTIVE ORDER**

**A.** This Protective Order shall not affect the right of any Party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any Party that is not otherwise proper under the Federal Rules of Civil Procedure.

**B.** Nothing in this Order shall prejudice the right of any Party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other Parties and affected non-Parties in the form of a written stipulation or noticed motion to all Parties that must be served and filed in accordance with local Court rules.

~~The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information.~~

~~Accordingly, the Court adopts the above Protective Order in this Action.~~

| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | LATHAM & WATKINS LLP |

By: /s/ Jason Mueller
  Jason Mueller (*pro hac vice*)
   *jmueller@sheppardmullin.com*
  Galyn Gafford (*pro hac vice*)
   *ggafford@sheppardmullin.com*
  Robert Hough (*pro hac vice*)
   *rhough@sheppardmullin.com*
  2200 Ross Avenue, 24th Floor
  Dallas, TX 75201-6776
  Telephone: (469) 391-7400
  Facsimile: (469) 391-7401

  Yasamin Parsafar (State Bar No. 287617)
   *yparsafar@sheppardmullin.com*
  Four Embarcadero Center, 17th Floor
  San Francisco, CA 94111-4109
  Telephone: (415) 434-9100
  Facsimile: (415) 434-3947

By: /s/ Richard G. Frenkel
  Richard G. Frenkel (Bar No. 204133)
   *rick.frenkel@lw.com*
  140 Scott Drive
  Menlo Park, CA 94025
  Telephone: (650) 328-4600
  Facsimile: (650) 463-2600

  Matthew J. Moore (*pro hac vice*)
   *matthew.moore@lw.com*
  Adam M. Greenfield (*pro hac vice*)
   *adam.greenfield@lw.com*
  Rebecca L. Rabenstein (*pro hac vice*)
   *rebecca.rabenstein@lw.com*
  Abigail A. Rives (*pro hac vice*)
   *abigail.rives@lw.com*
  555 Eleventh Street, NW, Suite 1000
  Washington, DC 20004
  Telephone: (202) 637-2200
  Facsimile: (202) 637-2201

*Attorneys for Plaintiff*
*Pacific Coast Building Products, Inc.*

*Attorneys for Defendants*
*CertainTeed Gypsum, Inc. and Saint-Gobain*
*Performance Plastics Corp.*

SO ORDERED, this _16th__ day of _May_, 2018.

_Susan van Keulen_

Judge Susan van Keulen
United States Magistrate Judge

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY

# **ATTESTATION**

I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated: May 16, 2018                    _/s/ Richard G. Frenkel_

                                       Richard G. Frenkel

**EXHIBIT 1**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Pacific Coast Building Products, Inc., | CASE NO. 5:18-cv-00346-LHK |
| Plaintiff, | |
| v. | |
| CertainTeed Gypsum, Inc. and Saint-Gobain Performance Plastics Corp., | |
| Defendants. | |

## SUBSCRIPTION TO PROTECTIVE ORDER— INDEPENDENT EXPERT OR CONSULTANT

I, _____, declare that:

1.     My address is _____ and the name and address of my

present employer is _____.

2.     My present occupation or job description is _____.

3.     In addition to other job functions, I am working as a consultant to

_____.

4.     My relationship to _____ is

_____.

5.     I have received a copy of the Protective Order in this Action.

6.     I have carefully read and understand the provisions of the Protective Order, agree

to be bound by them, and specifically agree I will not use or disclose to anyone any of the

contents of any Confidential or Highly Confidential – Outside Counsel Only information

received under the protection of the Protection Order in violation thereof.  I further acknowledge

and agree to be bound by the Prosecution Bar set forth in Section XIII of the Protective Order.

7.     I understand that I am to retain all copies of any of the materials that I receive that

have been so designated as Confidential or Highly Confidential – Outside Counsel Only in a

container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective

Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all Confidential or Highly Confidential- Outside Counsel Only information that comes into my possession or that I have prepared relating thereto, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

8.      I consent to the exercise of personal jurisdiction by this Court in connection with this Declaration and my obligations under the Protective Order.

9.      I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20__ at

_____

in the State of _____.


_____
(Signature)


_____
(Print Name)

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY