1   LATHAM & WATKINS LLP
        Richard G. Frenkel (Bar No. 204133)
2   *rick.frenkel@lw.com*
    140 Scott Drive
3   Menlo Park, CA 94025
    Telephone:  (650) 328-4600
4   Facsimile:   (650) 463-2600

5   Matthew J. Moore (*pro hac vice*)
        *matthew.moore@lw.com*
6   Adam M. Greenfield (*pro hac vice*)
        *adam.greenfield@lw.com*
7   Rebecca L. Rabenstein (*pro hac vice*)
        *rebecca.rabenstein@lw.com*
8   Abigail A. Rives (*pro hac vice*)
        *abigail.rives@lw.com*
9   Diane E. Ghrist (Bar No. 300487)
        *diane.ghrist@lw.com*
10  555 Eleventh Street, NW, Suite 1000
    Washington, DC 20004
11  Telephone:  (202) 637-2200
    Facsimile:   (202) 637-2201

12
    *Attorneys for Defendants CertainTeed Gypsum, Inc.*
13  *and Saint-Gobain Performance Plastics Corp.*

14
                  UNITED STATES DISTRICT COURT
15
                NORTHERN DISTRICT OF CALIFORNIA
16
                      SAN JOSE DIVISION
17

18
    PACIFIC COAST BUILDING PRODUCTS,          CASE NO. 5:18-CV-00346-LHK (SVK)
19  INC.,

20          Plaintiff,                         **DEFENDANTS' MOTION TO STRIKE
                                               PLAINTIFF'S DAMAGES CONTENTIONS
21       v.                                    REGARDING LOST PROFITS AND PRICE
                                               EROSION**
22  CERTAINTEED GYPSUM, INC., and
    SAINT-GOBAIN PERFORMANCE               Judge Lucy H. Koh
23  PLASTICS CORP.,                        Magistrate Judge Susan van Keulen

24          Defendants.                     Hearing:    December 18, 2018
25                                          Time:       10:00 am PST
                                            Place:      Courtroom 6 – 4th Floor
26

27

28

1

### <u>TABLE OF CONTENTS</u>

I.     NOTICE OF MOTION ............................................................................................ 1

II.    REQUESTED RELIEF ......................................................................................... 1

III.   MEMORANDUM AND POINTS OF AUTHORITY ............................................ 1

      A.    Background ................................................................................................. 2

      B.    Legal Standard .......................................................................................... 5

      C.    Pacific Coast Waived its Right to Recover Lost Profits ........................... 5

IV.   CONCLUSION ...................................................................................................... 8

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY.

DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S DAMAGES CONTENTIONS

i

CASE NO. 5:18-CV-00346-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Adobe Sys. Inc. v. Wowza Media Sys.*,
No. 11-cv-2243-JST, 2014 WL 709865 (N.D. Cal. Feb. 23, 2014) ..........................................5

*CreAgri, Inc. v. Pinnaclife Inc.*,
No. 11-cv-06635-LHK-PSG, 2012 WL 5389775 (N.D. Cal. Nov. 2, 2012)..........................8

*Finjan, Inc. v. Symantec Corp.*,
No. 14-cv-2998-HSG (JSC), 2018 WL 620169 (N.D. Cal. Jan. 30, 2018) .............................5

*Genentech, Inc. v. Trs. of Univ. of Pa.*,
No. C 10-2037 LHK (PSG), 2012 WL 424985 (N.D. Cal. Feb. 9, 2012) ................................5

*Hewlett Packard Co. v. Servicenow, Inc.*,
No. 14-cv-00570-BLF (HRL), 2016 WL 692828 (N.D. Cal. Feb. 19, 2016)..........................8

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,
417 F. Supp. 2d 1121 (N.D. Cal. 2006) .................................................................................7

*SanDisk Corp. v. Memorex Prods., Inc.*,
415 F.3d 1278 (Fed. Cir. 2005)............................................................................................5

*Theranos, Inc. v. Fuisz Pharma LLC*,
No. 11cv5236-YGR, 2012 WL 6000798 (N.D. Cal. Nov. 30, 2012) ......................................5

*Twilio, Inc. v. Telesign Corp.*,
No. 16-cv-6925-LHD (SVK), 2017 WL 5525929 (N.D. Cal. Nov. 17, 2017)........................6

## OTHER AUTHORITIES

Patent L.R. 2-2 ...........................................................................................................................4, 6

Patent L.R. 3-1(g) ........................................................................................................................2

Patent L.R. 3-2(i) .........................................................................................................................2

Patent L.R. 3-8(a).........................................................................................................................4

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY.

DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S DAMAGES CONTENTIONS

ii

CASE NO. 5:18-CV-00346-LHK

1   **I.      NOTICE OF MOTION**

2             TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3             PLEASE TAKE NOTICE that on December 18, 2018 at 10:00 a.m. PST before the

4   Honorable Susan van Keulen, Magistrate Judge of the United States District Court, 280 South 1st

5   Street, San Jose, CA 95113, in Courtroom 6 – 4th Floor, there will be hearing on Defendants'

6   CertainTeed Gypsum, Inc. ("CertainTeed") and Saint-Gobain Performance Plastics Corp ("Saint-

7   Gobain") Motion to Strike Plaintiff Pacific Coast Building Products, Inc.'s ("Pacific Coast")

8   Damages Contentions Regarding Lost Profits and Price Erosion.  This Motion is based on this

9   Notice of Motion, the Memorandum and Points of Authorities in Support of this Motion, the

10  Declaration of Diane E. Ghrist, the [Proposed] Order filed herewith, all the files and record of this

11  action, and any additional materials that may be elicited at the hearing of this Motion.

12  **II.     REQUESTED RELIEF**

13            Defendants CertainTeed and Saint-Gobain respectfully request an order striking Pacific

14  Coast's Patent L.R. 3-8 Damages Contentions regarding alleged lost profits and price erosion

15  damages based on Pacific Coast's admitted non-compliance with the Patent Local Rules and

16  resulting prejudice to Defendants.

17  **III.    MEMORANDUM AND POINTS OF AUTHORITY**

18            This Court's Patent Local Rules require a party asserting infringement to make specific

19  disclosures and produce documents early.  These disclosures start with Infringement Contentions,

20  which required Pacific Coast to identify any of its own products that allegedly practice the asserted

21  patent claims.  To preserve its ability to seek lost profit damages, Pacific Coast also needed to

22  produce at the same time documents showing sales, revenues, costs, and profits relating to any

23  such products.  These disclosures and documents, in turn, would form the basis for Pacific Coast's

24  subsequent Damages Contentions.  Pacific Coast did not comply with this mandatory disclosure

25  of information—causing real harm to Defendants, who have relied on Pacific Coast's disclosures

26  in forming their case and discovery request strategy.  Despite repeated attempts to resolve this

27  dispute, Pacific Coast has refused to withdraw its corresponding Damages Contentions.

28            Thus the Court should strike Pacific Coast's lost profits and price erosion contentions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S DAMAGES CONTENTIONS

CASE NO. 5:18

1

**A.    Background**

2      This lawsuit is the second case filed by Pacific Coast against Defendants for alleged

3 infringement of U.S. Patent Nos. 8,181,738 and 9,388,568 (the "'738 patent" and "'568 patent,"

4 respectively). *See Pac. Coast v. CertainTeed Gypsum, Inc.*, No. 5:17-cv-1116-LHK (N.D. Cal.

5 filed Mar. 3, 2017). In the first case, Pacific Coast served its Patent L.R. 3-1 and 3-2 disclosures

6 on July 12, 2017. (*See generally* Ex. 1.) Patent L.R. 3-1(g) required (and still requires) the

7 following:

8
9
10
11

> If a party claiming patent infringement wishes to preserve the right
> to rely, for any purpose, on the assertion that its own or its licensee's
> apparatus, product, device, process, method, act, or other
> instrumentality practices the claimed invention, the party shall
> identify, separately for each asserted claim, each such apparatus,
> product, device, process, method, act, or other instrumentality that
> incorporates or reflects that particular claim.

12 For this subsection, Pacific Coast identified QuietRock QuietSeal Pro, QuietRock EZ-Snap 5/8",

13 and QuietRock EZ-Snap 5/8" Mold Resistant. (Ex. 1, at 5-6.) Patent L.R. 3-2(i) required

14 concurrent production of the following documents:

15
16
17

> If a party identifies instrumentalities pursuant to Patent L.R. 3-1(g),
> documents sufficient to show marking of such embodying accused
> instrumentalities and if it wants to preserve the right to recover lost
> profits based on such products, sales, revenues, costs and profits of
> such embodying accused instrumentalities.

18 For this subsection, Pacific Coast stated only that it "is not producing documents showing its

19 marking of the products identified above in Sec. VII at this time," with no mention of lost profits

20 or production of documents relating to sales, revenues, costs, and profits. (Ex. 1, at 7.) Shortly

21 thereafter, the parties stipulated to dismissal of the first case without prejudice.

22      On January 16, 2018, Pacific Coast filed this second case, again alleging infringement of

23 the '738 and '568 patents. In its Patent L.R. 3-1 and 3-2 disclosures served on May 2, 2018, Pacific

24 Coast identified the same products under Patent L.R. 3-1(i) as allegedly practicing the asserted

25 patent claims: QuietRock QuietSeal Pro, QuietRock EZ-Snap 5/8", and QuietRock EZ-Snap 5/8"

26 Mold Resistant. (Ex. 2, at 5-6.) Pacific Coast likewise stated for Patent L.R. 3-2(i) only that it "is

27 not producing documents showing its marking of the products identified above in Sec. VII at this

28

time." (*Id.* at 7.) Pacific Coast did not disclose any contention regarding lost profits or produce documents relating to (let alone sufficient to show) sales, revenues, costs, and profits for its own products that allegedly practice the claimed invention. (*Id.*)

On May 1, 2018, Pacific Coast served its First Set of Interrogatories to Defendants. (Ex. 3.) Interrogatory No. 10 asked the following:

> If you deny that Plaintiff is entitled to an award of damages based on a theory of lost profits, state in detail all facts and circumstances (other than any contentions of invalidity, unenforceability or noninfringement of the patents-in-suit) that support such denial, including a specific identification of all documents to support all of your contentions and all persons with knowledge of the basis for your response.

(*Id.* at 8.) Subject to objections, Defendants responded on May 31, 2018 that "Pacific Coast has waived its right to seek lost profits by failing to comply with Patent Local Rule 3-2(i), which addresses the required document production that Pacific Coast had to make with its Infringement Contentions." (Ex. 4, at 20.) Defendants further explained:

> Pacific Coast identified the following instrumentalities pursuant to Patent Local Rule 3-1(g) in its May 2, 2018, Infringement Contentions served pursuant to Local Patent Rules 3-1 and 3-2 and the Court's Case Management Order (p. 5 at Section VII):
>
> For the '738 patent:  QuietRock QuietSeal Pro; QuietRock EZ-Snap 5/8"; and QuietRock EZ-Snap 5/8" Mold Resistant.
>
> For the '568 patent:  QuietRock EZ-Snap 5/8"; and QuietRock EZ-Snap 5/8" Mold Resistant.
>
> Yet, Pacific Coast responded to Patent Local Rule 3-2(i) by stating only that "Pacific Coast is not producing documents showing its marking of the products identified above in Sec. VII at this time." *See* Plaintiff's May 2, 2018, Infringement Contentions served pursuant to Local Patent Rules 3-1 and 3-2 and the Court's Case Management Order (p. 7). Pacific Coast did not produce, and did not state that it would produce, any documents showing the "sales, revenues, costs and profits" of the QuietRock QuietSeal Pro, QuietRock EZ-Snap 5/8", and QuietRock EZ-Snap 5/8" Mold Resistant instrumentalities that it identified pursuant to Patent Local Rule 3-1(g). Pacific Coast has thus waived its right to recover lost profits.

(*Id.*) Pacific Coast never attempted to amend its earlier disclosures.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY.

DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S DAMAGES CONTENTIONS

3

CASE NO. 5:18-CV-00346-LHK

1    On August 14, 2018, Pacific Coast served its Patent L.R. 3-8 Damages Contentions.

2   Pacific Coast was required to identify each category of damages it seeks—including (if applicable)

3   any lost profits, price erosion, convoyed or collateral sales, reasonable royalty, and any other form

4   of damages. *See* Patent L.R. 3-8(a). Pacific Coast identified both lost profits and price erosion

5   damages. (Ex. 5, at 5-11.) Pacific Coast also identified a product called "QuietGlue" that it had

6   never identified previously as allegedly practicing the asserted claims. (*Id.* at 6.)

7    The next day, on August 15, 2018, Defendants asked Pacific Coast to withdraw its

8   Damages Contentions regarding lost profits. Defendants explained again that Pacific Coast failed

9   to comply with Patent L.R. 3-2(i) and also that Pacific Coast "never identified QuietGlue as

10   practicing the asserted claims," despite being aware of QuietGlue (its own product) long before

11   serving its Infringement Contentions. (Ex. 6, at 2.) Defendants offered to meet and confer. (*Id.*)

12    On August 24, 2018, the parties conferred telephonically. When asked why Pacific Coast

13   did not produce documents in accordance with Patent L.R. 3-2(i), Pacific Coast informed

14   Defendants that it did not want to produce any documents until the Protective Order went into

15   effect on May 16, 2018. (Ghrist Decl. ¶ 12.) Defendants' counsel responded that in accordance

16   with Patent L.R. 2-2, an interim protective order is automatically authorized by the Court, and that

17   according to that Rule, "[d]iscovery cannot be withheld on the basis of confidentiality absent Court

18   order." (*Id.*; Patent L.R. 2-2.) Moreover, Pacific Coast provided no credible justification for

19   failing to identify QuietGlue in its Patent L.R. 3-1 disclosures and has not even argued that it

20   produced financial records before August 2018. (Ghrist Decl. ¶ 14; Ex. 7, Email from Mike Kim

21   to Adam Greenfield et al. (Aug. 24, 2018).) Even in August 2018, however, Pacific Coast did not

22   include the information required to preserve a claim for lost profits under Patent L.R. 3-2(i).

23    Pacific Coast has not withdrawn its claim for lost profits or provided any good cause for

24   failing to comply with the Patent Local Rule requirements for preserving a claim to lost profits in

25   its Infringement Contentions. Indeed, Pacific Coast's response to Interrogatory No. 7, which asks

26   it to "identify and describe the date of first sale, public use, publication, demonstration, or other

27   public disclosure of the invention or any portion thereof," provides no identification of (let alone

28   information regarding) QuietGlue. (*See* Ex. 8, at 13-14.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S DAMAGES CONTENTIONS

4

CASE NO. 5:18-CV-00346-LHK

### B.    Legal Standard

The dispositive inquiry in a motion to strike is whether the patentee advances "a new theory" not previously identified in its contentions. *Finjan, Inc. v. Symantec Corp.*, No. 14-cv-2998-HSG (JSC), 2018 WL 620169, at *2 (N.D. Cal. Jan. 30, 2018). New theories should be stricken. *Id.* In this way, motions to strike can serve to enforce the core purpose behind Patent L.R. 3-1—requiring the party asserting infringement to provide reasonable notice of its theories of the case. *See Theranos, Inc. v. Fuisz Pharma LLC*, No. 11cv5236-YGR, 2012 WL 6000798, at *3 (N.D. Cal. Nov. 30, 2012); *see also Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11-cv-2243-JST, 2014 WL 709865, at *15 (N.D. Cal. Feb. 23, 2014) (striking infringement theories from an expert report because a plaintiff failed to identify its own instrumentality pursuant to Patent L.R. 3-1(g)). "The goal of all this is to respect a party's legitimate need to refine its case and develop its positions while preventing litigation by ambush." *Genentech, Inc. v. Trs. of Univ. of Pa.*, No. C 10-2037 LHK (PSG), 2012 WL 424985, at *2 (N.D. Cal. Feb. 9, 2012).

District courts have broad discretion to enforce their local procedural rules. *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005). The key considerations in assessing the sufficiency of a disclosure is "the timing of the disclosure in relation to when the disclosing party had the information and when the opposing party would have needed the information in order to fairly conduct discovery or prepare a responsive strategy." *Genentech,* 2012 WL 424985, at *2. In addition, the Court "must further consider the nature of the information being disclosed, whether it is subject to any work-product or other privilege, and whether a failure to disclose prior to serving expert reports prejudiced the opposing party." *Id.*

### C.    Pacific Coast Waived its Right to Recover Lost Profits

In two ways, Pacific Coast waived its right to seek lost profits for failure to comply with this District's Patent Local Rules. First, Pacific Coast failed to comply with Patent L.R. 3-2(i) by not producing documentation of "sales, revenues, costs and profits" of its products embodying the claimed invention. Second, Pacific Coast never identified QuietGlue in its Infringement Contentions as required by Patent L.R. 3-1(g), and advanced a new theory of lost profits based on QuietGlue for the first time in its Rule 3-8 Damages Contentions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S DAMAGES CONTENTIONS

5

CASE NO. 5:18-CV-00346-LHK

1    Both failures are straightforward, and the underlying facts cannot be disputed.  Pacific

2    Coast admits that it did not produce relevant financial information when it served its Infringement

3    Contentions on May 2, 2018.  (*See* Ex. 7.)  Pacific Coast attempts to sidestep this Rule by claiming

4    ignorance of the automatic interim Protective Order issued by this Court under Patent L.R. 2-2,

5    which aims to facilitate this exact discovery in the early stages of litigation.  (Ghrist Decl. ¶ 12;

6    Patent L.R. 2-2.)  But Pacific Coast also admits that it did not produce this financial information

7    even when the parties' tailored Protective Order went into force on May 16, 2018, but waited until

8    at least August 3, 2018.  (*See* Ex. 7.)  Pacific Coast indisputably also has provided no good cause

9    explanation for its failure to identify QuietGlue in its Infringement Contentions as required by

10   Patent L.R. 3-1(g) and has made no attempt to do so since Defendants identified these deficiencies

11   in their August 15, 2018 letter and the August 24, 2018 teleconference.  Nothing more is required

12   for the Court to grant this motion and strike Pacific Coast's claims for lost profits and price erosion

13   damages on QuietGlue, QuietRock EZ-Snap, QuietRock EZ-Snap Mold Resistant, and QuietSeal

14   Pro.

15          Moreover, Pacific Coast's delayed production of some sales data on August 3, 2018 does

16   not cure its failure to preserve the right to seek lost profits in accord with Patent L.R. 3-2.  Pacific

17   Coast's Damages Contentions also appear to provide figures only from September 2013 onwards,[1]

18   although it asserts damages related to sales of QuietGlue starting in 2012.  (Ex. 5, at 6, 14.)  In this

19   context, Pacific Coast's Damages Contentions failed to "identify the known facts that support" its

20   theories of recovery and failed "to do the math."  *See Twilio, Inc. v. Telesign Corp.*, No. 16-cv-

21   6925-LHD (SVK), 2017 WL 5525929, at *2 (N.D. Cal. Nov. 17, 2017).  In addition, Pacific Coast

22   never moved for leave to amend or supplement its Infringement Contentions to include QuietGlue

23   or QuietGlue Pro as products allegedly practicing the claimed invention.

24          Defendants have been prejudiced by these failures.  Although fact discovery is not yet

25   complete, this is not the prototypical case where discovery has just started and Pacific Coast has

26   had only little time to investigate its claims.  This is the ***second*** lawsuit brought by Pacific Coast

27

28   [1] Although Pacific Coast's Damages Contentions claim to provide sales data starting in 2013, the
     accompanying production of financial information contains data starting in June 2014.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY.

DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S DAMAGES CONTENTIONS

6

CASE NO. 5:18-CV-00346-LHK

1    against Defendant on the **same two patents**.  Pacific Coast's own products have not changed.  And

2    Pacific Coast's awareness of its own case has had over a year to develop, not including the requisite

3    pre-suit inquiry.   Defendants have relied on Pacific Coast's representations throughout discovery.

4    (Ghrist Decl. ¶ 16.)  Pacific Coast's belated theory of lost profits is also unacceptable in light of

5    the parties' correspondence.  Defendants notified Pacific Coast of its position that Pacific Coast

6    waived any claim of lost profits in its May 31, 2018 Responses to Pacific Coast's Interrogatories.

7    (Ex. 4, at 20.)  Further, based on this waiver, Defendants have refrained from pursuing extensive

8    discovery on the corporate relationship between Pacific Coast, PABCO Building Products, LLC,

9    and PABCO Gypsum.   (Ghrist Decl. ¶ 16.)  Now that discovery is well underway, Defendants

10   have been harmed by Pacific Coast's lack of diligence.

11          Out of strategy or inadvertence, Pacific Coast cannot now claim with any credibility that it

12   was unaware of its obligations to produce discovery under the Patent Local Rules, or that it was

13   unaware until just recently that its own product, QuietGlue, allegedly practices the '738 patent.  In

14   fact, Pacific Coast's Complaint, even in its first action against Defendants, discusses QuietGlue

15   and its alleged use in the QuietRock EZ-Snap product.  Compl. ¶ 19, *Pac. Coast v. CertainTeed*,

16   No. 5:17-cv-01116 (N.D. Cal. Mar. 3, 2017).  Pacific Coast's choice not to pursue lost profits in

17   its original Infringement Contentions, in the first case or in this case, based on QuietGlue may

18   have been strategic based on the very low sales numbers of QuietGlue.  As reflected in its Damages

19   Contentions, without suggesting these contentions have merit, Pacific Coast made only meager

20   profits on QuietGlue.[2]  (Ex. 5, at 6.)  Pacific Coast may have made the strategic choice that it was

21   not worth the price to litigate these claims.

22          The Northern District of California Patent Local Rules "are designed to require parties to

23   crystallize their theories of the case early in the litigation and to adhere to those theories once they

24   have been disclosed."  *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d

25   1121, 1123 (N.D. Cal. 2006) (citation omitted).  Contentions, in particular, "provide structure to

26

27   [2] The financial data produced to Defendants includes only sales data starting in June 2014.  Should
     the Court continue to permit Plaintiff to claim lost profits prior to that date, Pacific Coast must at
28   minimum be ordered to produce corresponding documentation pursuant to its obligation under
     Patent L.R. 3-2(i).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S DAMAGES CONTENTIONS

7

CASE NO. 5:18-CV-00346-LHK

1    discovery and enable the parties to move efficiently toward claim construction and the eventual

2    resolution of their dispute."   *CreAgri, Inc. v. Pinnaclife Inc.*, No. 11-cv-06635-LHK-PSG,

3    2012 WL 5389775, at *2 (N.D. Cal. Nov. 2, 2012) (citation omitted).   The Court should hold

4    Pacific Coast to the disclosures it made in its Infringement Contentions, and its choice not to

5    produce financial data pursuant to Patent L.R. 3-2(i).   *See also Hewlett Packard Co. v. Servicenow,*

6    *Inc.*, No. 14-cv-00570-BLF (HRL), 2016 WL 692828, at *1 (N.D. Cal. Feb. 19, 2016).   As a result

7    of Pacific Coast's choices in developing its infringement theories and the corresponding prejudice

8    to Defendants, Pacific Coast's Damages Contentions on lost profits and price erosion should be

9    stricken.

10   **IV.   CONCLUSION**

11          For the foregoing reasons, this Court should grant Defendants' motion to strike Pacific

12   Coast's Patent L.R. 3-8 Damages Contentions regarding lost profits and price erosion.

13

14   Dated:  November 13, 2018                    LATHAM & WATKINS LLP

15

16                                               By */s/ Richard G. Frenkel*
                                                    Richard G. Frenkel (Bar No. 204133)
17                                                  140 Scott Drive
                                                    Menlo Park, CA 94025
18                                                  Telephone:  (650) 328-4600
                                                    Facsimile:  (650) 463-2600
19                                                  rick.frenkel@lw.com

20                                                  Matthew J. Moore (*pro hac vice*)
                                                    Adam M. Greenfield (*pro hac vice*)
21                                                  Rebecca L. Rabenstein (*pro hac vice*)
                                                    Abigail A. Rives (*pro hac vice*)
22                                                  Diane E. Ghrist (Bar No. 300487)
                                                    555 Eleventh Street, NW, Suite 1000
23                                                  Washington, DC 20004
                                                    Telephone:  (202) 637-2200
24                                                  Facsimile:  (202) 637-2201
                                                    matthew.moore@lw.com
25                                                  adam.greenfield@lw.com
                                                    rebecca.rabenstein@lw.com
26                                                  abigail.rives@lw.com
                                                    diane.ghrist@lw.com
27

28

1

2                                                  *Attorneys for Defendants CertainTeed*
                                                   *Gypsum, Inc. and Saint-Gobain*
3                                                  *Performance Plastics Corp.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO STRIKE                        CASE NO. 5:18-CV-00346-LHK
PLAINTIFF'S DAMAGES CONTENTIONS          9